**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOEL CRUZ FIGUEROA,<br><br>**Petitioner**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent** | **CIVIL NO.** 05-1440 (JAG) |

**ORDER**

Joel Cruz-Figueroa ("Cruz") filed this petition, pursuant to 28 U.S.C. § 2255, requesting that the Court vacate, set aside, or correct his sentence imposed in Crim. No. 03-166 (JAG) (Docket No. 1). Cruz sets forth as grounds for his petition the recent Supreme Court cases of Blakely v. Washington, 542 U.S. —, 124 S.Ct. 2531 (June 24, 2004) and U.S. v. Booker, — U.S. —, 125 S.Ct. 738 (Jan. 12, 2005). These cases, however, are inapplicable to Cruz's sentence and his petition for habeas corpus must be **DENIED.**

First, the case of Blakely by itself is inapplicable to sentences imposed under the Federal Sentencing Guidelines. The majority opinion specifically states so: "The Federal Guidelines are not before us, and we express no opinion on them." Blakely, 124 S.Ct. at 2538 n.9.[1]

---

[1] Even if Blakely merely reaffirms the rule set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), by failing to object on Apprendi grounds before sentence was imposed Defendant has

Civil No. 05-1440 (JAG)                                                2

Second, the Booker opinion, which applied Blakely's rationale to the Federal Sentencing Guidelines and rendered them merely advisory rather than mandatory, specifically states that it would only be applied "to all cases on direct review." Booker, 125 S.Ct. at 769. Thus, because § 2255 provides collateral rather direct review, See, e.g., Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000)("Congress responded to this vexing situation by enacting 28 U.S.C. § 2255, a statute that gave federal prisoners the option of attacking their convictions collaterally in the sentencing court."), Figueroa cannot rely on Booker as grounds for an attack on his sentence.

Even assuming arguendo that Booker lends support to Cruz's petition, it would nevertheless be dismissed. First Circuit precedent establishes that "ordinarily the defendant must point to circumstances creating a reasonable probability that the [] court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' Booker regime." United States v. Antonakopoulos, — F.3d —, No. 03-1834, 2005 WL 407365, *4 (1st Cir. Feb. 22, 2005); see also United States v. Serrano-Beauvaix, — F.3d —, Nos. 02-2286, 02-2682, 2005 WL 503247, *4 (1st Cir. March 4, 2005). Cruz has failed to carry this burden and, thus, his petition must be denied. Judgment shall enter accordingly.

---

waived the argument. See, e.g., U.S. v. Del Rosario, 388 F.3d 1, 13 n. 8 (1st Cir. 2004).

Civil No.  05-1440 (JAG)                                                          3

      IT IS SO ORDERED.

      In San Juan, Puerto Rico, this 26th day of April, 2005.

                                          S/Jay A. Garcia-Gregory  
                                          JAY A. GARCIA-GREGORY  
                                          United States District Judge